In the Matter of DANIEL H. GREENBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1991

## APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick H. Block* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Daniel H. Greenberg was admitted to the practice of law in the State of New York by the First Judicial Department on November 10, 1947. He has, at all times relevant herein, maintained an office for the practice of law in the First Department.

Petitioner Departmental Disciplinary Committee (DDC), by petition dated July 11, 1990, seeks an order pursuant to 22 NYCRR 603.4 (d) confirming a report of the Hearing Panel dated May 17, 1990, which recommended a sanction of six months' suspension.

Respondent is charged with improperly commingling and converting client escrow funds in violation of Code of Professional Responsibility DR 9-102 (A) and DR 1-102 (A) (4) and (6) (see also, 22 NYCRR 603.15 [a]). On or about November 7, 1988, respondent served an answer admitting the commingling charges but denying the charges of conversion. After four days of hearings, the Hearing Panel sustained the charge of commingling and dismissed the count alleging conversion. Subsequent hearings revealed that respondent had been suspended in 1973 (for an act committed in 1968) for conversion of a client's funds (42 AD2d 121), which money was later returned to the client and respondent reinstated (43 AD2d 691).

The DDC moved to confirm the Hearing Panel's findings of fact, conclusions of law and recommendation, one member dissenting, that respondent be suspended for a period of six months. The dissenting member recommended a public censure and imposition of a fine.

Under the facts and circumstances of this case, we agree with the dissenting member that a suspension would be unduly harsh. The Panel found no conversion. It further found the need to protect the public by the exercise of the sanction of suspension to be less than compelling, considering that respondent's law practice consists primarily of Federal litigation. Moreover, the Chair noted that respondent's admitted commingling was the result of negligence, "surprising to be sure in a person of such intelligence and experience, but negligence and no more."

Accordingly, the report of the Hearing Panel is confirmed to the extent that respondent is censured.

MURPHY, P. J., ROSENBERGER, WALLACH, SMITH AND RUBIN, JJ., concur.

Application to confirm the Hearing Panel's findings of fact, conclusions of law and recommendation (one member dissenting) granted only to the extent of censuring respondent; and cross motion for imposition of a censure instead of a suspension granted.