[644 NYS2d 614]

In the Matter of CATHERINE P. MITCHELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 20, 1996

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Catherine P. Mitchell was admitted to the practice of law in the State of New York by the First Judicial Department on May 19, 1980. She was also admitted to practice

as an attorney and counselor-at-law in the State of New Jersey and the State of Mississippi.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 publicly censuring respondent predicated upon the fact that she was similarly disciplined by the Supreme Court of the State of New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.

Petitioner has shown that, by order dated April 20, 1995, the Supreme Court of the State of New Jersey publicly reprimanded respondent for her failure to maintain proper records for her attorney trust account from January 1989 through December 1991 and her negligent misappropriation of client funds during the same period, i.e., the repeated issuance of checks to clients in excess of the funds standing to the credit of said clients in her attorney trust account, thus invading the funds of other clients. The initial discovery of these violations on respondent's part was made through a random audit of respondent's attorney trust account and a follow-up investigation was made when an overdraft notice was issued by respondent's bank. All of respondent's violations were found to have been negligently, rather than intentionally, made.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent does not have a defense available under this section. She was clearly provided with adequate notice and opportunity to be heard in the New Jersey proceedings and the findings of the New Jersey Supreme Court are fully supported by the record. Moreover, New Jersey Rules of Professional Conduct (RPC) 1.15 (d) and New Jersey Rules of Court § 1:21-6, which are among the provisions which respondent was found to have violated, are analogous to Code of Professional

Responsibility former DR 9-102 (B) (3) and 22 NYCRR former 603.15 (c), which were both in effect until September 1, 1990. Former DR 9-102 (B) (3) states: "A lawyer shall * * * [m]aintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them."

22 NYCRR former 603.15 (c) stated: "All such attorneys shall make accurate entries of all financial transactions in their records of receipts and disbursements, in their special accounts, in their ledger books or similar records, and in any other books of account kept by them in the regular course of their practice, which entries shall be made at or near the time of the act, condition or event recorded."

On September 1, 1990, the preceding paragraph was incorporated practically verbatim as the last paragraph of the new DR 9-102 (D) (22 NYCRR 1200.46).

Furthermore, New Jersey RPC 1.15 (a), which respondent was also found to have violated, is analogous to former DR 9-102 (A), also in effect until September 1, 1990, which stated, in pertinent part:

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

"(1) Funds reasonably sufficient to pay bank charges may be deposited therein."

Subsequent to September 1, 1990, the subject conduct was prohibited by DR 9-102 (A), prohibiting a lawyer from commingling funds or other property belonging to another person with his or her own, and DR 9-102 (B), requiring a lawyer who possesses funds belonging to another person to deposit said funds in a separate account in a bank within the State of New York.

Finally, courts in New York have consistently interpreted the Code provisions requiring client funds to be deposited in a separate attorney account to prohibit the invasion of one client's funds to pay another client, even negligently. Respondent's negligent misappropriation of client funds also, therefore, constitutes misconduct in New York (*see, Matter of Greenberg*, 165 AD2d 424).

It is generally accepted that the State where an attorney subject to discipline lived and practiced law at the time of the

offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*see, Matter of Reiss,* 119 AD2d 1, 6). In this matter, the State of New Jersey determined that the appropriate sanction for respondent's conduct, which was inarguably unintentional, was a public censure. We find no reason to impose a different sanction. Accordingly, respondent should be publicly censured.

MILONAS, J. P., ELLERIN, RUBIN, NARDELLI and TOM, JJ., concur.

Petition granted, and respondent publicly censured.