[687 NYS2d 71]

In the Matter of ERNEST H. HAMMER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 1999

## APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York by the Second Judicial Department on December 16, 1959. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On or about August 16, 1996, respondent was served with a notice and statement of nine charges alleging that he neglected a medical malpractice matter, served a false document on opposing counsel, commingled escrow funds with his own funds, misused his attorney escrow account and failed to satisfy a judgment in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8), DR 6-101 (A) (3), DR 7-101 (A) (3) and DR 9-102 (D) (22 NYCRR 1200.3, 1200.30, 1200.32, 1200.46).

After hearings held on January 30, April 2 and June 25, 1997, the Hearing Panel issued its report and recommendation, dated August 14, 1998, in which it sustained Charges Five, Six and Seven pertaining to respondent's IOLA account and dismissed all but one of the remaining charges, Charge Three having been withdrawn by the Committee after a witness died.

With respect to his mishandling of his IOLA account, respondent admitted that he had both client escrow funds and his own funds in his IOLA account. Accordingly, the Panel sustained Charge Five, finding that respondent had failed to keep the account for the exclusive use of funds belonging to another person incident to his practice of law in violation of DR 9-102 (B) (1), and Charge Six, finding that respondent commingled client funds with his own funds in violation of DR 9-102 (A). The Panel also sustained Charge Seven, finding that by failing to keep adequate records regarding the account, respondent violated DR 9-102 (D) (1) and (2). The Panel dismissed Charge Nine, finding that respondent's conduct with respect to his IOLA account did not rise to the point of adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (8).

The Panel did not hold a hearing regarding an appropriate sanction and recommended a public censure without receiving evidence concerning aggravating or mitigating circumstances.

By petition dated December 17, 1998, the Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing public censure as a sanction. The Committee maintains that the Panel properly sustained Charges Five, Six and Seven, pertaining to respondent's misuse of his IOLA account, since

respondent admitted that he deposited his own personal funds into the account and that he wrote a $30 check from the account to purchase a notary stamp. Additionally, respondent failed to keep appropriate escrow records.

With regard to sanction, the Committee asserts that the Panel has properly recommended public censure even in light of respondent's disciplinary record, which was not considered by the Panel. That record reflects that respondent was admonished on March 22, 1991 for neglect of a legal matter in violation of DR 6-101 (A) (3) and failure to carry out a contract of employment in violation of DR 7-101 (A) (2); that the Committee admonished respondent on October 3, 1983 for service of a civil complaint containing damaging personal allegations merely to harass or maliciously injure another, in violation of DR 7-102 (A) (1) (22 NYCRR 1200.33); and, that on March 4, 1982, the Committee admonished respondent for knowingly and fraudulently presenting a check without sufficient funds to a court reporter, in violation of DR 1-102 (A) (4).

In support of its recommended sanction, the Committee points out that, in general, this Court censures attorneys for commingling personal funds with client funds as a result of negligence and asserts that respondent's disciplinary record should not serve to aggravate the sanction imposed (see, Matter of Greenberg, 165 AD2d 424). Respondent joins in the Committee's recommendation.

The Hearing Panel found that respondent misused his IOLA account as a result of his erroneous belief that he needed to maintain a minimum balance in the account and that it was therefore permissible to deposit his own personal funds in the account in order to maintain a sufficient balance. While, on occasion, respondent also improperly used his IOLA account for disbursements relating to litigation expenses, he states that he has stopped that practice. Thus, despite respondent's prior disciplinary record, inasmuch as the evidence reveals that there was no misappropriation or loss of clients' funds, no imbalance in respondent's IOLA account, and only the deposit of small non-escrow funds due to misinformation, we agree with the Committee that, under the foregoing circumstances, respondent should be censured for the charges sustained against him.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law confirmed, and respondent should be publicly censured.

LERNER, J. P., RUBIN, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Petition granted, the findings of fact, conclusions of law and recommended sanction of the Hearing Panel confirmed, and respondent publicly censured.