[785 NYS2d 44]

In the Matter of JOEL S. COHEN (Admitted as JOEL STEVEN CO-
HEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLIN-
ARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, October 26, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary
Committee*, New York City (*Naomi F. Goldstein* of counsel), for
petitioner.

*Richard M. Maltz* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, as Joel Steven Cohen, was admitted to the practice of law in the State of New York by the First Judicial Department on April 30, 1979. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On or about September 16, 2003, the Departmental Disciplinary Committee (Committee) served respondent with a notice and statement of four charges alleging that he borrowed money from a client, commingled and mishandled client funds, and failed to keep proper records, in violation of Code of Professional Responsibility DR 5-104 (a) (1) and (2) and DR 9-102 (a), (b) and (d) (22 NYCRR 1200.23, 1200.46). By a prehearing stipulation dated November 5, 2003, respondent admitted to having committed substantially all of the alleged acts of misconduct.

A Referee's hearing was held on November 5, 2003 and, based upon the stipulation, all four of the charges were sustained. In his stipulation, respondent admitted that on or about April 21, 1999, he was retained to represent a client at sentencing who had been convicted of securities fraud. The parties agreed that respondent would be paid $20,000 for his services. Thereafter, respondent undertook to represent the same client in a separate securities fraud matter for no additional fee. Respondent suggested that his client deposit funds with him as a good faith gesture, to be used eventually for restitution in the two matters. In furtherance of this purpose, in December 1999, the client deposited $15,000 into respondent's general operating account; $10,000 to be applied towards the unpaid portion of respondent's fee and the balance to be applied to the anticipated restitution fines. However, respondent did not transfer the $5,000 earmarked for restitution into his escrow account until June 21, 2000. During the intervening six months, the account balance in respondent's operating account twice fell below $5,000, for five days in May 2000 and for one day in June 2000. On June 15, 2000, respondent's client gave him an additional $4,000 towards restitution, which respondent placed in his escrow account on June 21, 2000.

Based upon his admitted misconduct, the Referee found that respondent violated DR 9-102 (a) and (b) by depositing and maintaining the $5,000 restitution monies in his operating ac-

count, thereby commingling client funds with his own monies. In addition, by failing to keep his client's $5,000 intact for brief periods in May and June 2000, the Referee found respondent committed nonvenal conversion in violation of DR 9-102 (a). The Referee also concluded that respondent failed to keep proper bookkeeping records of his escrow account in violation of DR 9-102 (d).

Respondent had also stipulated that in March 2001 he asked his client for a short term loan of $3,500 from the funds held on his client's behalf in the escrow account. Respondent did not reduce this transaction to writing, and he did not advise his client to seek independent counsel before agreeing to this transaction. Accordingly, the Referee determined that respondent violated DR 5-104 (a) (1) and (2) by improperly entering into a business transaction with a client.

In mitigation, the Referee considered the testimony of respondent's four character witnesses, all of whom agreed that respondent, among other things, had an impeccable reputation for honesty and integrity. The Referee also found that respondent's own testimony exemplified a man sincerely humiliated and ashamed by his behavior.

While the committee staff submitted a prior admonition respondent had received for neglecting and failing to pursue a criminal appeal, the staff attorney nevertheless agreed with respondent's counsel that the appropriate sanction for the instant misconduct should be public censure. In an affirmation in support of the Committee's petition, respondent's counsel also noted that respondent has revamped his file keeping systems, and that he understands the importance of his obligation to keep accurate records of his accounts.

After reviewing the applicable case law (*Matter of Land*, 299 AD2d 83 [2002] [public censure where engaged in nonvenal conversion and commingling, expressed remorse, and fully cooperated]; *Matter of Lubell*, 285 AD2d 267 [2001] [public censure for mishandling of client funds and improper record keeping, notwithstanding prior admonition, where conduct aberrational and nonvenal]), the Referee found that since the conduct giving rise to the charges reflected poor judgment rather than dishonesty, public censure was warranted. A Hearing Panel convened and issued a report recommending affirming the Referee's report in its entirety.

The Committee now seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing

public censure as a sanction. Respondent's counsel has submitted reply papers in support of the Committee's petition recommending a public censure.

We confirm the Hearing Panel's findings and conclusions in their entirety. With regard to sanction, it is recommended that the Referee and Hearing Panel's recommendations be confirmed as well. This Court has consistently held that public censure is an appropriate sanction for escrow violations such as commingling and nonvenal conversion where the misconduct is aberrational, the attorney has shown remorse and cooperation (*see Land, supra*), and even when there has been a prior admonition (*see Lubell, supra*).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law, based upon the Referee's report and recommendation should be granted and respondent should be publicly censured.

MAZZARELLI, J.P., ANDRIAS, SAXE, FRIEDMAN and CATTERSON, JJ., concur.

Respondent publicly censured.