[790 NYS2d 664]

In the Matter of JOHN A.R. DALLEY (Admitted as JOHN ALBERT REUBEN DALLEY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 15, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansy* of counsel), for petitioner.

*Leonard J. Levenson* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent John A.R. Dalley was admitted to the practice of law in the State of New York by the Second Judicial Department on April 29, 1992, under the name John Albert Reuben Dalley. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged by the Disciplinary Committee with six violations of the lawyers' Code of Professional Responsibility, all of which stemmed from the improper handling of his IOLA account. Charge One asserted that respondent misappropriated escrow funds by engaging in the unauthorized invasion and use of escrow funds in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46). Charges Two, Three and Four assert that respondent failed to maintain required bookkeeping records in violation of DR 9-102 (d) (1), (2) and (9). Charge Five asserts that respondent made withdrawals from his IOLA account by withdrawal slips payable to himself rather than checks to a named payee in violation of DR 9-102 (e) and DR 1-102 (a) (7) (22 NYCRR 1200.3).

Prior to the hearing, respondent and the Committee entered into a stipulation whereby respondent made factual admissions which constituted violations of DR 9-102 (a) (prohibiting misappropriation of client funds); DR 9-102 (d) (1), (2) and (9) (establishing record keeping requirements for attorney escrow accounts); DR 9-102 (e) (requiring all withdrawals from attorney escrow accounts to be made to a named payee); and DR 1-102 (a) (7) (prohibiting attorneys from engaging in conduct which adversely reflects on their fitness to practice law).

Relying on respondent's factual stipulation and bank records from respondent's IOLA account, the Referee sustained all five charges. The Referee made the specific factual finding that respondent never intentionally converted client or third party funds and that all disbursements in question were made on behalf of clients.

At the sanction hearing, after hearing respondent and the testimony of two witnesses, and considering a number of letters submitted on respondent's behalf, the Referee determined that the conduct was nonvenal and aberrational and recommended that a public censure was most appropriate under these circumstances. The Referee also made a finding that respondent continued to use client funds for the payment of escrow checks

unrelated to that client even after notice of the charges in question were served on him. A Hearing Panel, after oral argument, concurred in the findings and sanction recommended by the Referee.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel's determination imposing public censure. Respondent cross-moves to disaffirm the Hearing Panel's recommendation to impose public censure. Respondent argues that private reprimand is appropriate in this case.

We have consistently held that public censure is appropriate for escrow violations such as improper record keeping, nonvenal conversion and commingling, especially where a respondent expresses remorse and cooperates fully with the Committee (*see Matter of Cohen*, 12 AD3d 29 [2004]; *Matter of Land*, 299 AD2d 83 [2002]). This is especially appropriate in cases where, as here, there were findings made by both the Referee and Hearing Panel that "the conduct giving rise to the charges reflected poor judgment rather than dishonesty" (*Matter of Cohen, supra* at 31).

Accordingly, the Committee's motion should be granted, respondent's cross motion denied, and respondent publicly censured.

TOM, J.P., SAXE, WILLIAMS, SWEENY and CATTERSON, JJ., concur.

Respondent publicly censured.