[806 NYS2d 561]

In the Matter of ALEXANDER B. DRANOV, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 3, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Alexander B. Dranov*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Alexander B. Dranov was admitted to the practice of law in the State of New York by the First Judicial Department on November 3, 1986, and at all times relevant to this proceeding, maintained an office for the practice of law within the First Judicial Department. He was admitted to the bar in the State of Pennsylvania in 1984 and the State of New Jersey in 1986, where he also maintains a law office.

Respondent has been previously disciplined by this Court. By order entered December 28, 2004 (14 AD3d 156 [2004]), this Court imposed a six-month prospective suspension on respondent, giving reciprocal disciplinary effect to an order of the New Jersey Supreme Court filed April 26, 2004 (*Matter of Dranov*, 179 NJ 420, 846 A2d 594 [2004]), which imposed a six-month suspension. In that disciplinary proceeding, respondent was found to have committed professional misconduct by, among other things, charging a client an unreasonable fee in an attempt to justify his retention of an entire settlement award; promising to hold the disputed settlement in escrow, but then transferring the funds to his business account and retaining them; and creating a conflict of interest by representing a second client against a former client in a personal injury matter. This Court specifically declined respondent's request to impose a retroactive suspension.

Respondent applied for reinstatement in New Jersey, but his application was not considered because another disciplinary proceeding was pending there. In the new proceeding, the New Jersey Office of Attorney Ethics charged respondent with violations of New Jersey Rules of Professional Conduct (RPC) 1.8 (a) (conflict of interest—loans to clients) and RPC 1.15 (a) (negligent misappropriation of client trust funds) (count one); RPC 1.15 (d) and New Jersey Rules of Court rule 1:21-6 (recordkeeping violations) (count two); and RPC 1.2 (d) (assisting a client in conduct that the lawyer knows is illegal, criminal or fraudulent) and RPC 8.4 (c) (engaging in conduct involving fraud or deceit) (count three). Represented by counsel, respondent submitted an answer, and, in March 2003, the parties entered into a prehearing stipulation of facts.

Respondent stipulated that prior to July 1998, he failed to perform quarterly reconciliations of his trust account and to

maintain trust receipts and disbursements journals; that he mistakenly reentered a deposit into his trust account ledger, thereby leading him to believe that he had more money in his trust account than its actual balance; that this inadvertent double entry created a shortage in his trust account and caused his negligent invasion of client funds; and that he commingled personal and client trust funds in violation of RPC 1.15 (a) (commingling of funds, negligent misappropriation) and RPC 1.15 (d) and rule 1:21-6 (recordkeeping violations).

A hearing, at which respondent, represented by counsel, testified on his own behalf and presented witnesses, was commenced on September 23, 2003 before a Hearing Panel of the District Ethics Committee (the Hearing Panel). Based on the stipulated facts and respondent's inconsistent explanation regarding the allegations in count three, the Hearing Panel concluded that respondent was guilty of all the charges except RPC 1.8 (a). Based on his inconsistent testimony, lack of remorse, and lack of understanding of his recordkeeping obligations, the Hearing Panel recommended that respondent be suspended for three years, attend recordkeeping courses, and practice under the supervision of a proctor.

Thereafter, oral argument was held before the Disciplinary Review Board (the Review Board). Following a de novo review of the record, the Review Board agreed with the Hearing Panel that respondent was guilty of unethical conduct, but disagreed with some of the Hearing Panel's findings and its recommended three-year suspension. Specifically, the Review Board found that the Hearing Panel had properly dismissed RPC 1.8 (a). However, the Review Board found that the Hearing Panel's conclusion that respondent had violated RPC 1.2 (d) and RPC 8.4 (c) was not supported by clear and convincing evidence in the record[1] and that respondent had been properly keeping records in compliance with rule 1.21-6 since 1998. The Review Board found that the evidence supported violations of RPC 1.15 (a) and (d), and, accordingly, recommended that respondent be suspended for three months prospectively.

In recommending this sanction, the Review Board considered respondent's disciplinary history and lack of candor an aggravating factor in determining the appropriate sanction. Specifically, respondent had recanted his earlier testimony that his clients

---

1. One Review Board member believed there was clear and convincing evidence to find respondent guilty of dishonest conduct in relation to withholding clients' settlements.

wanted him to hold their settlement proceeds because they did not want to jeopardize continued receipt of government benefits and later testified that his clients had asked him to hold the proceeds because they needed additional time to find uses for their money. In addition, although the Review Board did not believe that respondent had committed fraud with respect to the loans, it nevertheless found that respondent's transactions "were fraught with danger."

Subsequently, the Review Board's decision was submitted to the New Jersey Supreme Court which granted respondent's petition for review and ordered respondent suspended from the practice of law for a period of three months and until further order of the court, retroactive to November 22, 2004 (*Matter of Dranov*, 183 NJ 232, 872 A2d 782 [2005]).

By New Jersey Supreme Court order dated August 19, 2005 (*Matter of Dranov*, 185 NJ 70, 881 A2d 700 [2005]), respondent was reinstated to practice law in New Jersey, but he remains suspended in New York.

The Committee now seeks an order suspending respondent for three months based upon the doctrine of reciprocal discipline. The Committee maintains that respondent is precluded from raising any of the defenses enumerated in 22 NYCRR 603.3 (c).

In opposition, respondent challenges whether his misconduct in New Jersey would constitute misconduct in New York. In addition, respondent claims that the Review Board's finding of lack of candor as an aggravating factor was made in violation of due process. In the event reciprocal discipline is imposed, respondent asks that this Court impose a lesser sanction, or, if a suspension is imposed, that it be retroactive to June 28, 2005—the date his New York six-month suspension period expired.

Respondent conceded to improper recordkeeping, commingling of funds, and negligent misappropriation in the New Jersey proceeding. These violations constitute serious misconduct under New York law (*see Matter of Cohen*, 12 AD3d 29 [2004]; *Matter of Levy*, 307 AD2d 47 [2003]; *Matter of Pelsinger*, 190 AD2d 158 [1993]). Thus, reciprocal discipline is appropriate.

With regard to respondent's violation of escrow bookkeeping rules, the Committee concedes that New Jersey's rules are not identical to New York's insofar as New York does not require individual client ledgers or quarterly reconciliations. Respondent

maintains that since the rules are different, his failure to follow them do not constitute misconduct in New York, and, therefore, a lesser penalty should be imposed. However, under New York's rules, accurate records of escrow accounts are required to be kept pursuant to Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46), and failure to maintain accurate records of these accounts is sanctionable (*see Matter of Dalley*, 16 AD3d 90 [2005]). In any event, even if we did not find that respondent's bookkeeping violation constituted misconduct in New York, his commingling of client funds is a clear violation of New York's rules, and, therefore, reciprocal discipline would be appropriate at least with respect to that misconduct.

Respondent's final contention—that he was denied due process because New Jersey made an improper finding of lack of candor based on testimony elicited in response to surprise questions about an uncharged matter, namely, his loans to clients six years earlier—is without merit. Respondent's lack of candor in the disciplinary process is a proper aggravating factor to consider on the issue of sanction in New York disciplinary proceedings (*see e.g. Matter of Heller*, 9 AD3d 221, 226 [2004], *lv denied* 3 NY3d 607 [2004]). Furthermore, respondent's obligation to be candid in his testimony is absolute, regardless of the questions posed. Moreover, although he characterizes his misstatements as honest mistakes, the New Jersey triers-of-fact disagreed, and their credibility determinations should be given great weight. On the whole, the findings and sanction imposed was the result of a full evidentiary hearing and a de novo review by the Review Board and the New Jersey Supreme Court. Accordingly, respondent's challenge to the petition is unavailing.

With regard to the issue of sanction, it is a generally accepted principle that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Anschell*, 11 AD3d 56, 61 [2004]). While we agree with the generally accepted and well-grounded principle of reciprocal discipline and virtually always defer to the home state when sanctioning a respondent,[2] here we must decline to follow the reciprocal discipline doctrine as the sanction New Jersey has imposed is, in our view, significantly

---

2. Some recent cases in which we have imposed reciprocal discipline in New Jersey, Connecticut, and Massachusetts are *Matter of Supino* (23 AD3d 11 [2005]), *Matter of Becker* (22 AD3d 29 [2005]), *Matter of Power* (3 AD3d 21 [2003]), *Matter of Schlem* (308 AD2d 220 [2003]), *Matter of Hirschl* (10 AD3d

too lenient (*see Matter of Lowell*, 14 AD3d 41 [2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]). Given the nature of the misconduct, respondent's disciplinary history, and the Review Board's finding of lack of candor, we conclude, as did the initial New Jersey Hearing Panel, that a longer suspension is appropriate. Respondent's argument for a less severe sanction is not persuasive in light of sanctions imposed in New York for similar misconduct, in conjunction with respondent's lack of candor and disciplinary history (*see Matter of Tepper*, 286 AD2d 79 [2001]; *Matter of Yagman*, 263 AD2d 151 [1999]).

Accordingly, the Committee's petition should be denied to the extent that it seeks to impose a sanction of a suspension of three months and granted to the extent that it seeks findings of misconduct and an alternate sanction, and respondent should be suspended from the practice of law in the State of New York for a period of two years prospectively,[3] effective the date hereof, and until further order of this Court.

TOM, J.P., MAZZARELLI, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof, and until further order of this Court.

---

164 [2004]), *Matter of Shea* (308 AD2d 29 [2003]), and *Matter of Thrasher* (308 AD2d 160 [2003]).

**3.** We have concluded that respondent's conduct was sufficiently serious to warrant a rejection of his request that this suspension be retroactive to any extent.