[839 NYS2d 462]

In the Matter of JONATHAN B. FISHER (Admitted as JONATHAN BRUCE FISHER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 2007

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

*Jonathan B. Fisher*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Jonathan B. Fisher was admitted to the practice of law in the State of New York by the Second Judicial Department on April 24, 1991. At all relevant times herein, respondent maintained an office for the practice of law within the First Judicial Department.

On January 11, 2006, the Departmental Disciplinary Committee (the Committee) filed charges against respondent alleging that he: (1) commingled and misappropriated client funds in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46), (2) used his escrow account as a personal and business account in violation of DR 9-102 (b), (3) failed to keep a proper ledger for client funds in violation of DR 9-102 (d), (4) issued checks payable to "cash" from his escrow account in violation of DR 9-102 (e), and (5) failed to safeguard escrow funds entrusted to him as a fiduciary, constituting conduct that adversely reflected on his fitness to practice law in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3). The charges stem from respondent's depositing of client funds and his fees into the "master account" of his attorney trust account (the account) and his use of the commingled funds for personal and business expenses. Respondent subsequently overdrew the account on one occasion. Additionally, respondent failed to keep a proper ledger of the account. In both his answer and a prehearing stipulation, respondent admitted all of the charges.

A Hearing Panel, confirming a Referee's report, sustained the charges and adopted the parties' joint recommendation of public censure. The Panel noted that respondent, who has no disciplinary history, cooperated with the investigation and was extremely remorseful. It found that respondent's commingling and misappropriation of client funds was unintentional, the result of poor judgment and the failure to fully understand the nature of the account he had opened. The Panel also noted that the lone overdraw on the account occurred after respondent mistakenly overpaid a client, an overpayment that respondent did not seek to recoup. The Panel concluded its report by highlighting that

none of respondent's clients were harmed as a result of the conduct giving rise to the charges.

The Committee seeks an order confirming the findings of fact, conclusions of law and determination of the Hearing Panel, and imposing the sanction of public censure. Respondent, in essence, supports the Committee's motion.

We have consistently held that public censure is appropriate for escrow violations such as improper record keeping, nonvenal conversion and commingling, especially where a respondent expresses remorse and cooperates fully with the Committee (*see Matter of Cohen,* 12 AD3d 29 [2004]; *Matter of Land,* 299 AD2d 83 [2002]; *see also Matter of Hammer,* 253 AD2d 226 [1999]). Such a penalty is particularly appropriate in cases where, as here, there were findings made by both the Referee and Hearing Panel that "the conduct giving rise to the charges reflected poor judgment rather than dishonesty" (*Matter of Cohen,* 12 AD3d at 31). Accordingly, the Committee's motion should be granted, and respondent publicly censured.

FRIEDMAN, J.P., MARLOW, WILLIAMS, BUCKLEY and MCGUIRE, JJ., concur.

Respondent publicly censured.