[931 NYS2d 585]

In the Matter of KEVIN M. DYER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 20, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kevin M. Dyer was admitted to the practice of law in the State of New York by the First Judicial Department on April 15, 1985. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee opened an investigation after receiving notification from the Lawyers' Fund for Client Protection of a dishonored check from respondent's IOLA account. The Committee discovered numerous irregularities, including respondent's failure to maintain an adequate balance in his account, commingling personal business funds with client funds, frequent cash withdrawals and failure to maintain proper records for his IOLA account.

The Committee filed formal charges against respondent alleging that he: (1) commingled client funds with funds connected to his personal business in his IOLA account in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (1) (22 NYCRR 1200.46 [a], [b] [1]); (2) failed to maintain adequate balances and overdrew his IOLA account in violation of DR 9-102 (b) (3) (22 NYCRR 1200.46 [b] [3]); (3) withdrew cash from his IOLA account in violation of DR 9-102 (e) (22 NYCRR 1200.46 [e]); (4) failed to maintain proper records of escrow funds in violation of DR 9-102 (c) (3) and (d) (1) (22 NYCRR 1200.46 [c] [3]; [d] [1]) and (5) engaged in conduct that adversely reflected on his fitness to practice law in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In his answer, respondent admitted all of the charges.

The Referee held a hearing at which time respondent, represented by counsel, appeared and admitted liability for all of the charges. Respondent testified on his own behalf and introduced the testimony of three character witnesses as well as several character letters. The Committee recommended that respondent be suspended for two years. Respondent requested that he by publicly censured. A Hearing Panel heard oral argument and

in a report confirmed the Referee's findings and recommended sanction of censure.

The Committee now seeks an order pursuant to 22 NYCRR 605.15 (e) confirming the Hearing Panel's determination in its entirety and publicly censuring respondent.

The facts are not in dispute. Respondent began practicing law in California in 1979, and after spending some time abroad, he was admitted to practice law in New York in 1985. For the next several years, his practice concentrated on international corporate legal matters at a law firm and as in-house counsel. In 1993, he opened a practice with his wife in Manhattan, which continues to this date, concentrating on business immigration.

Respondent has been solely responsible for the practice's escrow account, and his use of the account was initially limited to an occasional real estate transaction. He did not familiarize himself with the rules pertaining to escrow accounts and failed to maintain formal records and balances for the account. In or about 2006, respondent adopted a practice of depositing retainer fees from immigration clients into his escrow account, and paying filing fees for those clients from the escrow account. He started this practice because he was concerned that his estimated quarterly tax liability was artificially high due to the large amounts he had been depositing into a second operating bank account. He transferred money between the operating and escrow account several times per week but failed to keep adequate records of the sources and purposes of the deposits and disbursements.

In 2008, respondent began using his escrow account as a business account for his newly created Mexican food company, commingling business funds with client funds and failing to maintain records of those funds. Also in 2008, he made ATM withdrawals from the escrow account totaling $9,900 to pay bills for the company's activities. In June 2008, an escrow account check in the amount of $22,625 was issued to pay for a company expense and was returned for insufficient funds, triggering the Committee's investigation.

As the Referee noted, respondent admitted wrongdoing in connection with the charges against him for the operation of his IOLA account. In mitigation, the Referee found that no funds appear to have been lost or misappropriated by respondent's improper maintenance of the escrow account; respondent immediately made payment on the bounced check from non-escrow funds; and he immediately took corrective action to change his

operating procedures before any client funds could be put in jeopardy. The Referee further found that respondent retained ethics counsel promptly upon receipt of the mandatory notice from the Lawyers' Fund, ceased using his escrow account for personal business, took a CLE course on the operation of attorney escrow accounts and engaged an accountant to reconstruct proper escrow account records. The Referee determined that there is little likelihood that respondent will misuse his escrow account again in the future. Moreover, the Referee noted that respondent admitted the charges, fully cooperated with the Committee and was genuinely remorseful for the "administrative laziness" on his part. The Referee also noted that respondent has never before been the subject of attorney discipline in the 30 years he has practiced law, and has engaged in pro bono activities. The Referee credited the testimony of character witnesses and letters attesting to respondent's reputation for honesty and his genuine regret for this misconduct.

The Referee accepted respondent's request for public censure and rejected the Committee's recommendation for a two-year suspension, pointing to recent, similar cases involving commingling and misappropriation where there was no venal intent (see Matter of Marshburn, 70 AD3d 231 [2009] [admitted violations of escrow accounting and improper withdrawals were the result of either inadvertence or poor accounting practices, as opposed to an intent to steal funds]). Distinguishing the pre-Marshburn line of cases relied upon by the Committee, the Referee determined that a suspension was not warranted since the misconduct here was the product of poor judgment, not dishonesty, respondent readily acknowledged his error and immediately took remedial actions, and his record as an attorney was otherwise unblemished and replete with good works.

A Hearing Panel citing the same mitigating factors and case law, recommended public censure as the appropriate sanction.

The Committee now seeks to confirm the Hearing Panel's findings, conclusions and recommendation of public censure. The Committee argues that although it recommended a two-year suspension to the Referee and the Hearing Panel, it was not unreasonable for the Panel to conclude that this case is analogous to our decisions censuring attorneys for unintentional misappropriation of client funds, commingling and improper record keeping.

We have consistently held in analogous situations where an attorney who mishandles his escrow account as a result of

negligence or mistake, and who has a previously unblemished record with a history of public service, has admitted to the charges and accepted full responsibility, has demonstrated remorse, has taken remedial measures to avoid these issues in the future and has cooperated with the Committee, that the appropriate sanction should be public censure (*Matter of Marshburn, supra*; *Matter of Fisher*, 43 AD3d 173 [2007]). Such a penalty is particularly appropriate in cases where, as here, there were findings made by both the Referee and Hearing Panel that the conduct in question "reflected poor judgment rather than dishonesty" (*Matter of Cohen*, 12 AD3d 29, 31 [2004]).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings and conclusions should be granted and respondent publicly censured.

MAZZARELLI, J.P., SWEENY, DEGRASSE, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent publicly censured.