[934 NYS2d 129]

In the Matter of RONALD S. SALOMON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 1, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Chris McDonough,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ronald S. Salomon was admitted to the practice of law in the State of New York by the First Judicial Department on May 6, 1991. At all times relevant to the proceeding, respondent maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.3, imposing reciprocal discipline on respondent predicated on an order issued by the United States Court of Appeals for the Second Circuit, dated October 14, 2010 (402 Fed Appx 546 [2010]), suspending respondent for a three-month period. The Committee requests, however, that this Court impose no less than a six-month suspension, citing aggravating factors and a reciprocal disciplinary order issued by the Executive Office for Immigration Review (EOIR) suspending respondent for six months from practice before the Board of Immigration Appeals (BIA), the immigration courts, and the Department of Homeland Security (DHS). Respondent does not oppose the imposition of reciprocal discipline, as long as it does not exceed the six-month suspension imposed by EOIR's order.

In March 2007, respondent was admonished by the Disciplinary Committee for neglecting several immigration matters. By order entered October 28, 2010 (78 AD3d 115 [2010]), this Court censured respondent for neglect of nine immigration matters.

Meanwhile, by order dated April 22, 2008, the Second Circuit referred respondent to its Committee on Admissions and Grievances (CAG), based on the court's dismissal of 125 out of 190 pending petitions for review in immigration matters and respondent's failure to submit supporting briefs in accordance with the court's scheduling orders. In August 2009, the CAG issued its report in which it recommended that respondent be suspended for three months, that he be required to take at least six hours of CLE in law office management, and that he submit periodic reports to the CAG, over a two-year period, as to the status of his practice, and that he comply with certain reporting requirements on pending matters.

By order dated October 14, 2010, the Second Circuit, inter alia, adopted the CAG's report, publicly reprimanded respondent and suspended him from practice before the court for three months, effective 28 days after filing of the order.

In its October 14, 2010 order, the Second Circuit noted as follows:

"the [CAG] concluded that there was clear and convincing evidence that Salomon had engaged in conduct warranting the imposition of discipline. The [CAG] stated, *inter alia*, that Salomon had persisted, over a period of several years and despite explicit warnings from the Court, in failing to comply with this Court's scheduling orders and failing to diligently prosecute his clients' cases." (402 Fed Appx at 547.)

The CAG also found that there were mitigating factors, which included respondent's remorse, his pro bono activities, his cooperation with the CAG, and, to a limited extent, the medical problems he experienced during 2003, 2005, and 2006. The CAG found, however, that respondent's purported improvements in his case management were not a significant factor in mitigation, given that he defaulted on several matters during the pendency of the federal disciplinary proceeding.

By order dated February 3, 2011 the EOIR reciprocally disciplined respondent for the misconduct found by the Second Circuit, and suspended respondent from practice before the BIA, the immigration courts, and the DHS for six months nunc pro tunc to November 23, 2010.

In his verified answer, respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c). Rather, respondent argues that he has been repeatedly disciplined for neglects that took place between 2004 and 2008 (in the form of the admonition, censure, Second Circuit suspension, and EOIR suspension). However, respondent's censure by this Court stemmed from his neglect of nine immigration matters and the Second Circuit's suspension order is predicated on the dismissal of 125 petitions for review based on his failure to submit supporting briefs. Simply put, the Second Circuit's October 14, 2010 order encompasses additional misconduct not addressed by this Court's October 28, 2010 order (*see Matter of Jaffe*, 78 AD3d 152, 157-158 [2010]). Thus, reciprocal discipline is not foreclosed.

An elevated sanction of no less than a six-month suspension is warranted, given respondent's pattern of neglect, prior disciplinary history, and misrepresentation to the Committee on the background questionnaire (*see Matter of Dranov*, 26 AD3d 26 [2006] [respondent, who was suspended from the practice of

law in New Jersey for three months for commingling personal and client funds and negligent misappropriation of client funds, suspended for two years by this Court, pursuant to 22 NYCRR 603.3, based on aggravating factors, which included the nature of the misconduct, lack of candor, and prior disciplinary history]).

Accordingly, the Committee's petition for an order pursuant to reciprocal discipline (22 NYCRR 603.3) should be granted, and respondent suspended from the practice of law for a period of six months to commence 30 days from the date of this order, and until further order of this Court.

GONZALEZ, P.J., FRIEDMAN, DEGRASSE, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective December 31, 2011 and until further order of this Court.