OPINION OF THE COURT
Per Curiam.
Respondent Peter S. Koenig was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1976 under the name Peter Stuart Koenig. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 605.15 (e) (2), confirming the Hearing Panel’s determination which recommended that respondent be suspended from the practice of law for no less than three months.
In December 2007, the Second Circuit issued an order referring respondent to its Committee on Admissions and Grievances (CAG) based on his failure, with respect to nine of the 11 petitions for review that respondent had filed with the court, to file supporting briefs in accordance with the court’s scheduling orders. Respondent’s neglect led to the dismissal of those petitions. The referral order further indicated that, although respondent represented clients before the Second Circuit, he was never admitted to the bar of that court.
In March 2008, the CAG directed respondent to show cause why it should not recommend disciplinary and/or other corrective action regarding his conduct. Respondent was also directed to divulge any currently pending or previous disciplinary proceedings brought against him by any tribunal, bar association or other organization. In response, respondent submitted a brief, one-page letter which failed to provide the requested information regarding his disciplinary history. In September 2008, the CAG held a hearing at which respondent appeared pro se *223 but presented no witnesses. Although respondent failed to provide the CAG with any documentation regarding his disciplinary history, he alluded during his testimony to the fact that he had been the subject of prior complaints submitted to the Departmental Disciplinary Committee (indeed, he had been admonished on three separate occasions for neglecting client matters). When reminded that the CAG had explicitly asked him to provide detailed information on this issue in its March 2008 letter, respondent indicated that he had been confused by the request.
In March 2009, the CAG issued its report concluding that respondent had neglected the nine immigration matters in which he failed to file briefs and that he had practiced before the Second Circuit without ever having been admitted. The CAG found respondent’s misconduct was aggravated by, inter alia, his prior disciplinary history for neglect, his failure to provide the CAG with requested information, and his failure to acknowledge wrongdoing. The CAG also found, however, that respondent’s misconduct was mitigated by, inter alia, the absence of a dishonest or selfish motive. As to sanction, the CAG recommended that respondent be precluded from admission to the Second Circuit’s bar and barred from practice before that court in the future.
By order entered January 14, 2010, the Second Circuit adopted the CAG’s findings and recommendation, publicly reprimanded respondent for his misconduct, and barred him from admission to the Second Circuit bar and from practicing before the court in the future.* In addressing the issue of possible reciprocal discipline by other jurisdictions, the Second Circuit explained that it did not consider its sanction of barring respondent from admission to be equivalent to the disbarment of an attorney already a member of the court’s bar.
In October 2010, the Committee filed a petition for reciprocal discipline predicated upon the Second Circuit’s January 14, 2010 order, but requested that respondent be suspended from practice for five years. In the alternative, the Committee requested that this Court impose whatever sanction it deemed appropriate. Respondent opposed the petition, but did not assert any of the defenses to reciprocal discipline set forth in *224 22 NYCRR 603.3 (c). By order entered June 13, 2011, this Court granted the Committee’s petition to the extent of finding respondent guilty of professional misconduct, barred respondent from asserting a defense under 22 NYCRR 603.3 (c), and referred the matter to the Committee for a hearing before a Hearing Panel at which respondent was to have the opportunity to present mitigating evidence with respect to sanction.
At a hearing convened in November 2011, respondent testified on his own behalf, called several character witnesses, and introduced letters and affidavits attesting to his character. The Committee did not call any witnesses but introduced documentary evidence, which included the three prior admonitions issued to respondent. Respondent testified that he graduated from William and Mary Law School in 1975 and was admitted to practice in New York in 1976, and has practiced as a sole practitioner for 25 years, concentrating in immigration law but also handling some uncontested divorces and minor criminal matters. He further stated that in or about 2002 he began representing immigration clients before the Second Circuit. According to respondent, he filed petitions for review on behalf of his clients with the understanding that he was doing so solely to delay their deportation, and to give his clients additional time to consider their legal options. Respondent claimed that his clients were not interested in paying the substantial costs associated with a federal appeal. However, he explained that if, after he filed the petition, a client wished to perfect his appeal, respondent would refer him to an attorney who specialized in federal appeals. Respondent initially claimed that he was unaware that the Second Circuit had issued scheduling orders regarding briefing deadlines. During cross-examination, however, it was brought to respondent’s attention that he had stipulated to receiving a scheduling order in a case he handled shortly after he began to practice before the Second Circuit. In response, respondent testified that he could not recall what he was aware of at that time with respect to the Second Circuit’s practice of issuing scheduling orders. Respondent claimed that he did not come to realize that defaulting on petitions before the Second Circuit was an unacceptable strategy until a complaint was made against him; and that he mistakenly believed that cases in which he defaulted would remain on the court’s docket. Respondent testified that he now realizes that he either has to move forward with a pending case or move to withdraw it.
*225 In addressing his practicing before the Second Circuit without being admitted, respondent explained that he had been under the mistaken belief that his admission before the Southern and Eastern Districts entitled him to practice before the Second Circuit. Respondent admitted that he had never reviewed the Second Circuit’s rules.
Respondent further testified that while he agreed with the Second Circuit’s findings that he had neglected client matters, violated scheduling orders, and practiced before the court without being admitted, he took issue with its finding that he had “abandoned” clients. Respondent acknowledged that he was ill equipped to handle federal appeals and explained that going forward he intends to focus his practice on family immigration work with occasional immigration court appearances. He also testified that, the Second Circuit’s order notwithstanding, he has no intention of practicing before the Second Circuit in the future.
Respondent’s character witnesses, who included an immigration attorney who has known respondent since approximately 1980 as well as three former immigration clients, testified that respondent has a reputation for honesty, integrity, and hard work within the legal community. As evidence in aggravation, the Committee introduced the three prior admonitions issued to respondent in 1986, 2004, and 2006 for: neglect of a matrimonial matter; failure to execute a retainer agreement with a matrimonial client and neglect of another client’s immigration matter; and for neglect and failure to execute retainer agreements in two additional matrimonial matters.
In its post-hearing memoranda, the Committee argued for a one-year suspension and respondent asked for a sanction no greater than public censure. The Panel then issued its report noting that it was “disturbed by respondent’s cavalier approach to practice before the Second Circuit” and recommended respondent be suspended for three months, based, in part, on aggravating factors such as the prior admonitions and his lack of forthrightness in divulging them to the CAG, his evasiveness in responding to this Hearing Panel concerning practices in his office with respect to the receipt of regular mail, and practices concerning client records and communications, and his lack of credibility regarding his receipt of scheduling orders. The Panel also found limited evidence in mitigation, such as his having practiced immigration law which likely was of benefit to the public. In this regard, the Panel credited the testimony of his *226 colleague concerning respondent’s reputation in the legal community in addition to the testimony of former clients, which the Panel found persuasive on the issue of respondent’s character and abilities as an immigration attorney.
In addressing respondent’s prior admonitions, the Panel noted that they involved five matters, several of which were outside of respondent’s usual area of practice, and were issued over a 20-year period. The Panel also noted that respondent had demonstrated a sustained interest in the field of immigration law and, while this did not constitute a mitigating factor under relevant precedent, it should be considered, “especially given the palpable absence of mitigating factors.” As to sanction, the Panel concluded that a three-month suspension was appropriate, finding that respondent expressed no commitment to taking corrective action and generally had little insight into his wrongdoing.
While this Court generally defers to the sanction imposed by the court where the original disciplinary action arose, the Second Circuit imposed a public reprimand (the equivalent of a public censure) but also barred respondent from admission to the court’s bar in the future. Such a sanction is not available to this Court. However, we find that the three-month suspension recommended by the Panel is the appropriate sanction for the misconduct at issue here (see e.g. Matter of Kleefield, 22 AD3d 94 [1st Dept 2005] [three-month suspension for failing to file a timely petition for review, neglecting one legal matter, failing to carry out a contract of employment, and failing to promptly return unearned fee deposit, where respondent had received two prior admonitions for neglect]; Matter of Teschner, 7 AD3d 46 [1st Dept 2004] [three-month suspension for chronic neglect of two matters with two prior admonitions for neglect]). While this Court has imposed longer suspensions for repeated neglect of immigration matters, such cases have typically involved, inter alia, intentional misrepresentations by the respondents, which did not occur here (see Matter of Salomon, 91 AD3d 187 [1st Dept 2011]; Matter of Cohen, 40 AD3d 61 [1st Dept 2007] [attorney who neglected immigration matter, backdated an immigration filing, and made false denials to the Departmental Disciplinary Committee regarding the backdating, suspended for two years]; Matter of Leavitt, 291 AD2d 37 [1st Dept 2002] [attorney who neglected immigration matters, suspended for 18 months, based, in part, on disciplinary history and misrepresentations made to clients and Departmental Disciplinary Committee]).
*227 Accordingly, the Committee’s motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of three months, and until further order of the Court.
Mazzarelli, J.E, Andrias, Friedman, Sweeny and Moskowitz, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days from the date hereof and until further order of this Court.

 Even though respondent was not admitted to practice before the Second Circuit, the court found that he was subject to discipline under Federal Rule of Appellate Procedure 46 (c), which is applicable to attorneys who commit misconduct while practicing before the court.