OPINION OF THE COURT
Per Curiam.
Respondent Brian W Guillorn was admitted to the practice of law in the State of New York by the First Judicial Department on March 21, 1983, under the name Brian William Guillorn. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.
In 2010, the Departmental Disciplinary Committee (DDC) initiated an investigation into respondent’s conduct after receiving a dishonored check report for his escrow account from the Lawyers’ Fund for Client Protection. In December 2011, the Committee charged respondent with misappropriating client and/or third party-funds in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a); failing to maintain required IOLA account records in violation of rule 1.15 (d) (1) (i) and (d) (2); making cash withdrawals from his IOLA account, as opposed to by checks to named payees in violation of rule 1.15 (e); and, based on the aforementioned misconduct, engaging in conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4 (h). Respondent admitted the material facts alleged by the Committee, but denied the charges.
A Referee held a liability hearing on February 24, 2012. The Committee did not call any witnesses, but introduced documentary evidence. Respondent, who appeared pro se, testified on his own behalf and introduced documentary evidence.
The evidence and testimony at the hearing established that between January and May of 2010, respondent disbursed funds from his IOLA account to cover eight disbursements even though there were insufficient funds in the account. Respondent admitted that his escrow violations, including the IOLA account short falls, stem from his “very sloppy” record keeping and bookkeeping practices. Respondent also admitted that he made cash withdrawals from his IOLA account via withdrawal slips (in various amounts ranging from $25 to $200), which was not the proper “mechanism.”
Based on respondent’s admissions and the documentary evidence, the Referee sustained all five charges. At the February *136 29, 2012, sanction hearing respondent, pro se, testified on his own behalf and introduced documentary evidence. During his testimony, respondent expressed remorse for his misconduct, albeit in an equivocal manner. While acknowledging that “there is really no excuse for what [he] did,” he explained that the cash withdrawals from his IOLA account were reimbursements for disbursements made in connection with his representation of Chartwell. In mitigation, respondent testified that throughout his legal career he had engaged in pro bono activities that included service as a small claims arbitrator, bar association activities, and assisting aggrieved clients in filing claims with the Lawyers’ Fund for Client Protection.
Following the hearing, both parties submitted memoranda in which the DDC argued for a six-month suspension and respondent urged a public censure. By a report dated April 27, 2012, the Referee recommended a four-month suspension, explaining that a censure sanction, as respondent requested, was not appropriate primarily because of respondent’s prior admonition for “similarly careless accounting practices” and respondent’s “equivocal” acceptance of “responsibility for his shortcomings.”
A Hearing Panel heard oral argument and issued a written report affirming the Referee’s liability findings but disaffirming the sanction recommendation of a four-month suspension. The Panel recommended that a public censure was more appropriate because: (1) the misconduct essentially involves the “sloppy (and improper) bookkeeping [rather] than misuse of funds,” about an amount “comparatively small”; (2) “no injuries to clients had been alleged”; (3) respondent “acted out of carelessness, not dishonesty”; (4) “[Respondent is a solo practitioner, and a suspension, even for the recommended four months, would have a disproportionate impact upon him, effectively putting him out of business.” The Hearing Panel rejected the Referee’s view that the fact that respondent did not take full responsibility for his action was, by itself, sufficient to mandate a four-month suspension under the circumstances of this case.
By petition dated August 6, 2013, the Committee now moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law, in part, and dis-affirming, in part, the recommendation as to sanction as set forth in the Hearing Panel report, and instead imposing a four-month suspension. Respondent offers no opposition.
We have consistently held that public censure is appropriate for escrow violations such as improper record keeping and non- *137 venal conversions, especially where a respondent expresses remorse and cooperates fully with the Committee (see Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013]; Matter of Francis, 78 AD3d 106 [1st Dept 2010]; Matter of Fisher, 43 AD3d 173 [1st Dept 2007]; Matter of Cohen, 12 AD3d 29 [1st Dept 2004]; Matter of Land, 299 AD2d 83 [1st Dept 2002]; see also Matter of Hammer, 253 AD2d 226 [1st Dept 1999]). Such a penalty is particularly appropriate in cases where, as here, there were findings made by both the Referee and Hearing Panel that “the conduct giving rise to the charges reflected poor judgment rather than dishonesty” (Matter of Cohen, 12 AD3d at 31). To be sure, like the Referee, we are troubled by the fact that respondent expressed remorse for his misconduct in an equivocal manner. We, however, agree with the Hearing Panel that this fact alone was insufficient to impose a four-month suspension under the circumstances of this case.
Accordingly, the Committee’s motion should be granted to the extent of confirming the Hearing Panel’s findings of fact and conclusions of law with respect to the charges, but denied to the extent it seeks to disaffirm the Hearing Panel’s sanction recommendation of public censure, and respondent is publicly censured.
Gonzalez, PJ., Mazzakelli, Sweeny, Acosta and Renwick, JJ., concur.
Respondent publicly censured.