Matter of Mora (2018 NY Slip Op 03950)





Matter of Mora


2018 NY Slip Op 03950


Decided on June 5, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,Justice Presiding,
Peter Tom
Angela M. Mazzarelli
Troy K. Webber
Cynthia S. Kern, Justices.


M-6699

[*1]In the Matter of Alexandra E. Mora, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Alexandra E. Mora, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Alexandra E. Mora, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 21, 1997.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Alexandra E. Mora was admitted to the practice of law in the State of New York by the First Judicial Department on October 21, 1997. Respondent's registered address is in Louisiana, where she is admitted to practice and resides.
The Attorney Grievance Committee (Committee) moves pursuant to Judiciary Law § [*2]90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 for an order finding that respondent has been disciplined by a foreign jurisdiction and directing her to demonstrate why discipline should not be imposed for the underlying misconduct, or in the alternative, imposing a public censure or such other discipline as this Court deems appropriate. Respondent, pro se, opposes the Committee's motion. She requests that this matter be dismissed, or, in the alternative, that she be formally cautioned or private discipline be imposed.
By order dated September 15, 2017, the Supreme Court of Louisiana suspended respondent from the practice of law for six months, which suspension was deferred in its entirety, subject to respondent's successful completion of a two-year period of supervised probation with conditions.
The Louisiana Attorney Disciplinary Board's Office of
Disciplinary Counsel (ODC) commenced an investigation into allegations that respondent mishandled her trust account by commingling personal funds with client funds. Prior to the filing of formal charges, respondent, represented by counsel, entered into a joint petition for consent discipline and a joint stipulation of facts in which she admitted that her misconduct violated Louisiana Rule of Professional Conduct (RPC) 1.15(a) (property belonging to clients or third parties held by a lawyer in connection with a representation must be held separate from the lawyer's own property), and consented to the imposition of discipline.
Specifically, respondent stipulated that in March 2016, the ODC received an overdraft notice from her bank pertaining to her attorney trust account. The overdraft resulted from respondent inadvertently transferring funds from her trust account for another matter prior to the check at issue clearing the bank. Once notified of the overdraft, respondent fully reimbursed the payee. Further inquiry by the ODC revealed that respondent regularly advanced funds from the trust account and failed to promptly transfer funds that had been earned. Louisiana RPC 1.5(f)(3) requires that legal fees paid in advance remain on deposit in an attorney's trust account until earned.
All advances respondent made were from her own funds which she was holding in her trust account. At the time of the overdraft, respondent asserted that she was not performing regular reconciliations of her trust account, and she failed to realize that she had insufficient funds at the time to cover the transfer of funds to her operating account. The nearly one-year delay in notification of the overdraft to respondent and the ODC was due to an oversight by respondent's bank. It was undisputed that no harm was caused to respondent's clients and no complaints were filed by her clients or third parties relating to her handling of her trust account.
Respondent admitted that she knowingly, but not intentionally, violated Louisiana RPC 1.15(a) and although no
client was harmed by her misconduct, her accounting practices created the potential for harm. The only aggravating factor found was that respondent had substantial experience in the practice of law (ABA Standards for Imposing Lawyer Sanctions § 9.22[i]). The mitigating factors applicable to the matter were the absence of a prior disciplinary history, the absence of a dishonest or selfish motive, her divorce (discussed below), her cooperation with the disciplinary proceeding, her timely good effort to rectify her misconduct, and her remorse.
Respondent consented to discipline in the form of a six-month suspension, which suspension was to be fully deferred subject to her successful completion of two years of supervised probation with conditions, including regular audits of her IOLTA account by a CPA to be submitted quarterly to the ODC. In addition, respondent was required to complete at least six hours of her mandatory CLE requirements in law office practice/client trust account management, as well as to successfully complete the Louisiana State Bar Association's Trust Accounting Program before the end of the probationary period.
By order dated September 15, 2017, the Supreme Court of Louisiana accepted the petition for consent discipline, found respondent guilty of violating Louisiana RPC 1.15(a), and imposed the discipline agreed to.
As stated above, the Committee now seeks an order finding that respondent has been [*3]disciplined by a foreign jurisdiction and directing her to demonstrate to this Court why discipline should not be imposed in New York for the underlying conduct (22 NYCRR 1240.13[a]), or, in the alternative, imposing sanction.
Respondent opposes the Committee's motion and requests this matter be dismissed, or, in the alternative, "that a Letter of Advisement be imposed, or if that is not deemed appropriate, some other form of private censure be imposed."
Respondent essentially argues that it would be "unjust" under 22 NYCRR 1240.13(c) for this Court to impose reciprocal discipline because her discipline in Louisiana was not the result of a complaint by a client; in the three to four months which preceded issuance of the dishonored check at issue, her bank changed its procedures and no longer allowed her online access to her trust account, as a result of which she had to email her banker to make transfers from the account which led to problems as she had several accounts with the bank; and her bank's untimely reporting of the dishonored check made it difficult for her to provide detailed answers to the ODC's questions arising from its audit of her trust account, which covered an 18-month period.
Respondent also cites to the mitigation recited in the joint petition for consent discipline, the fact that during the period at issue she was distracted by marital problems which resulted in her filing for divorce, and that she has never practiced law in New York and doubts she ever will. Respondent argues further that New York law is unclear as to whether maintaining earned legal fees in an attorney trust account for an extended period of time rises to the level of professional misconduct warranting discipline.
In support of her position respondent cites to rule 1.15(b)(4) of the New York Rules of Professional Conduct (22 NYCRR 1200.0) which provides that "[f]unds belonging in part to a client or third person and in part currently or potentially to the lawyer or law firm shall be kept in [a] special account or accounts, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client or third person, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved."
The Committee argues that New York rule 1.15(b)(4) does not apply to respondent's situation because the earned legal fees respondent improperly maintained in her attorney trust account were entirely her own. Moreover, contrary to respondent's contention, this Court clearly found an attorney guilty of engaging in professional misconduct based upon, inter alia, commingling personal and client funds by improperly leaving earned legal fees in an attorney trust account (see e.g. Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013]).
The Committee does not take issue with the mitigation offered by respondent with the exception of her assertion that she was prejudiced by her bank's one-year delay in reporting the dishonored check because if respondent had maintained required bookkeeping records for five years, as mandated by Louisiana Supreme Court Rule XIX § 28(A), she should have been able to fully respond to questions raised by the ODC during its audit.
The only defenses to reciprocal discipline are enumerated at 22 NYCRR 1240.13(b), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Hoffman, 34 AD3d 1 [1st Dept 2006]).
Respondent has not raised any of the aforementioned defenses, nor do any apply. Respondent was advised of the allegations at issue, she was represented by counsel and freely admitted to commingling in violation of Louisiana RPC 1.15(a), and consented to the discipline imposed by the Supreme Court of Louisiana. In addition, the Louisiana Supreme Court's misconduct findings are sufficiently supported by the record, which includes respondent's admissions. Further, the misconduct for which respondent was disciplined in Louisiana would constitute misconduct in this state in violation of rule 1.15(a) of the New York Rules of Professional Conduct (prohibition against commingling attorney's personal funds with client funds).
As a general rule in reciprocal disciplinary matters, this Court gives significant weight to [*4]the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]).
New York does not have a sanction equivalent to a deferred suspension, however public censure would be in accord with this Court's precedent involving similar misconduct and the mitigation presented (see e.g. Matter of Colarossi, 97 AD3d 117 [1st Dept 2012]; Matter of Dyer, 89 AD3d 182 [1st Dept 2011]). Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent is censured pursuant to 22 NYCRR 1240.13.
All concur.
Order filed. [June 5, 2018]
Petition for reciprocal discipline is granted, and respondent is publicly censured pursuant to 22 NYCRR 1240.13.