Matter of Peskin (2019 NY Slip Op 03306)





Matter of Peskin


2019 NY Slip Op 03306


Decided on April 30, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman,Justice Presiding,
Dianne T. Renwick
 Angela M. Mazzarelli
Cynthia S. Kern
Anil C. Singh, Justices.


&em;

[*1] Richard S. Peskin, (OCA Atty. Reg. No. 1624089) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard S. Peskin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on
 July 16, 1979.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sherine F.Cummings, of counsel), for petitioner.
Respondent pro se.



Per Curiam


Respondent Richard S. Peskin was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1979, under the name Richard Steven Peskin. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced an investigation following notification from the Lawyers' Fund for Client Protection that a check from respondent's IOLA account had been dishonored in October 2015 due to insufficient funds. Respondent was charged with 18 counts of misconduct involving, inter alia, the misuse of his IOLA account, entering into [*2]business transactions with a client without written agreements, lying to the Committee, failing to provide a retainer agreement, and failing to maintain required bookkeeping records.
Specifically, respondent was charged with intentionally converting and/or misappropriating client funds from his IOLA account in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.00) (conduct involving dishonesty, fraud, deceit or misrepresentation) and/or in violation of rule 1.15(a) (misappropriation of funds belonging to another) (Charges 1-3); entering into business transactions with a client (one for a loan and one for the rental of respondent's property) without separate written agreements in violation of rule 1.8(a) (entering into a business transaction with a client with differing interests without advising of independent legal counsel) (Charges 4 and 6); disbursing IOLA funds to pay for the loan and using IOLA funds to pay rent and utilities, expenses unrelated to the practice of law, in violation of rule 1.15(b)(1) (failing to maintain client funds in a special account separate from business or personal accounts) (Charges 5 and 7); attempting to conceal the improper withdrawal of client funds alleged in Charge 2 and the improper loan in violation of rule 8.4(c) (Charges 8 and 9); depositing and/or maintaining legal fees and/or personal funds in his IOLA account in violation of rule 1.15(a) (commingling client funds with personal funds) (Charge 10); failing to have a separate account for matters in which he acted as a trustee and in which he acted as an executor, as required by Estate, Powers and Trust Law § 11-1.6(a) in violation of rule 8.4(h) (engaging in conduct that adversely reflects on his fitness as a lawyer) (Charges 11 and 13); commingling money belonging to a trust and estate with client money thereby failing to maintain separate accounts incident to the practice of law in violation of rule 1.15(b)(1) (Charges 12 and 14); making a cash withdrawal from his IOLA account in violation of rule 1.15(e) (making withdrawals from a special account payable to cash and not to a named payee) (Charge 15); failing to maintain required bookkeeping records for his IOLA account in violation of rule 1.15(d)(1) (Charge 16); failing to issue a retainer or written letter of engagement to a client in violation of rule 8.4(h) (Charge 17); and falsely affirming in his biennial attorney registration forms that he was in compliance with part 1200, rule 1.15 in 2010, 2012, 2014, and 2016, in violation of rule 8.4(c) (Charge 18).
In his answer, respondent denied the charges. He raised affirmative defenses and factors in mitigation, including that any alleged misconduct was negligent not intentional, no identified client was harmed or lost money, and the Committee cannot state which client's funds were allegedly converted.
Thereafter, respondent filed a motion to, inter alia, dismiss the charges or, in the alternative, dismiss certain charges.
By unpublished order entered March 16, 2018, this Court appointed a Referee to conduct a hearing and issue a report on liability and as to the appropriate sanction to impose, if any, and denied respondent's motion to dismiss.
The Referee sustained the 18 charges of misconduct. She recommended a six-month suspension, finding that the record "demonstrates the folly of a busy solo practitioner attempting to manage a sizeable general practice without support" and that the respondent "suffered not only the common malady of poor memory but a medical history of anxiety." The Referee also found that the record "does not show that anyone save respondent has suffered - by dint of his considerable expenditure of his time, energy and the stress involved in defending this proceeding [and] these charges."
Now, the Committee seeks an order confirming the Referee's findings of liability and imposing a sanction that this Court deems just and proper under the circumstances. The Committee points out, inter alia, that while nonvenal conversion cases can range from public censure to a four-year suspension, in the case at bar, a two-year suspension would be appropriate.
Respondent, pro se, argues that some of the Referee's liability findings should not stand and that he should receive a lesser sanction such as admonition or censure or, at most, a six-month suspension.
Discussion
We grant the Committee's motion to the extent of sustaining the Referee's report as to the findings of liability.
However, as for sanctions, we find that a public censure is appropriate. We have consistently held that public censure is an appropriate sanction for escrow violations such as commingling and nonvenal conversion where the misconduct is aberrational, and the attorney has shown remorse and cooperation (Matter of Cardenas, 124 AD3d 123 [1st Dept 2014]; Matter of Guillorn, 114 AD3d 134 [1st Dept 2013]; Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013]; Matter of Dyer, 89 AD3d 182 [1st Dept 2011]; Matter of Fisher, 43 AD3d 173 [1st Dept 2007]).
Here, respondent is a 64 year-old busy solo practitioner attempting to manage a sizeable general practice without support. In his 40-plus years of practice, he had never had a complaint filed against him and he had never bounced a check until the one that led to this proceeding. Respondent admitted to inadvertent mistakes, primarily sloppiness; that he immediately deposited money into his account to prevent any further loss; that he was under the care of a psychiatrist and neurologist and was being medicated for stress, anxiety, ADD and depression resulting from a physical condition that he suffers from known as "essential tremor"[FN1]; his lack of focus and concentration might have caused the alleged misconduct; his voluntary completion of CLEs on the proper maintenance of IOLA accounts; the lack of intent and venality, and his expressions of sincere remorse.
Throughout this proceeding, respondent fully cooperated with the Committee by promptly providing information and documentation the Committee sought and appeared for three depositions. His conduct was nonvenal and, as the Referee noted, the only one who has suffered has been respondent (see Matter of Fisher, 43 AD3d at 175).
Accordingly, the Committee's motion to confirm the Referee's findings of fact and conclusions of law as to liability should be confirmed, and respondent is publicly censured.
All concur.
Order filed. [April 30, 2019]
The Committee's motion is granted to the extent of confirming the Referee's findings of fact and conclusions of law as to liability, sustaining the eighteen charges of misconduct, and respondent is publicly censured.



Footnotes

Footnote 1:Respondent was diagnosed in late 2014/early 2015. He states the condition caused poor decision making, bad judgment, scattered thoughts and forgetfulness due to a neuron reaction in the brain. He argues that the condition is causally connected to a cognitive impairment, emotional disease or defect which is a recognized disability by the ABA.