[825 NYS2d 642]

In the Matter of SIMONE V. PALAZZOLO (Admitted as SIMONE VINCENT PALAZZOLO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Law Office of Richard Ware Levitt* (*Nicholas Kaizer* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Simone Vincent Palazzolo was admitted to the practice of law in the State of New York by the Second Judicial Department on May 8, 1975. At all times relevant to these proceedings, he maintained his principal place of business within the First Judicial Department.

On September 22, 2005, respondent pleaded guilty in the United States District Court for the Eastern District of New York to conspiracy to commit securities fraud in violation of 18 USC §§ 1348 and 1349, a felony under the United States Code. Respondent has not yet been sentenced.

The Disciplinary Committee now seeks an order accepting respondent's affidavit of resignation from the practice of law pursuant to 22 NYCRR 603.11 sworn to on September 19, 2006, and striking his name from the roll of attorneys and counselors-at-law in the State of New York. In his affidavit, respondent states that he is aware that he is the subject of a disciplinary investigation concerning allegations of professional misconduct and concedes that he could not successfully defend himself on the merits against any charges predicated upon those allegations. He states that he is fully aware of the implications of submitting his resignation, which he submits freely, voluntarily, and without coercion or duress.

Addressing his criminal conduct, respondent states,

> "During 2004, I assisted others in offering for sale to the public shares of stock without disclosing to potential investors that brokers selling the securities were to receive compensation beyond that disclosed in their brokerage agreement.

> "In that regard I attended meetings in March 2004, during which, co-conspirators discussed the payment of excess compensation to said brokers. I continued to assist my co-conspirators in the offering of shares for sale while knowing that excess compensation was to be paid to brokers."

Inasmuch as respondent's resignation satisfies the criteria of 22 NYCRR 603.11, this Court accepts respondent's resignation,

and his name is stricken from the roll of attorneys, effective nunc pro tunc to September 19, 2006, the date of his affidavit of resignation.

TOM, J.P., ANDRIAS, SAXE, GONZALEZ and SWEENY, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 19, 2006.