[997 NYS2d 76]

In the Matter of SEAN M. MALATESTA (Admitted as SEAN MICHAEL MALATESTA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 11, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Sean M. Malatesta,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Sean M. Malatesta was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 1997, under the name Sean Michael Malatesta. Respondent was also admitted to the practice of law in Illinois and currently lives in California.

On March 2, 2012, a statement of charges was filed by the Administrator of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (the Administrator) against respondent charging him with misconduct stemming from respondent's January 7, 2004 criminal conviction in California for attempted unlawful sexual intercourse with a minor and with failing to report his conviction to the Administrator. The statement of charges also disclosed that in February 2006, after completing two years of probation, 100 hours of community service and paying restitution to the court, respondent filed a petition to expunge his conviction and, on April 25, 2006, his petition was granted. In 2010, respondent applied for admission to the California bar. Bar authorities in that state learned that respondent had not reported his conviction to the Illinois Administrator. He thereafter reported his conviction.

On March 2, 2012, after Illinois instituted disciplinary proceedings against respondent, he filed a motion with the Supreme Court of Illinois seeking to have his name stricken from the rolls of the bar of that state. He contemporaneously filed the statement of charges and an affidavit in support, wherein he conceded that if the matter proceeded to a hearing, evidence would be presented establishing the facts and conclusion of misconduct set forth in the statement of charges. On June 11, 2012, the Supreme Court of Illinois granted respondent's motion to strike his name from the rolls, effective immediately.

Disciplinary proceedings were thereafter commenced in New York. Respondent, pro se, has now submitted an affidavit of resignation as an attorney in New York, sworn to on September 12, 2014. His affidavit complies with this Court's rule regarding the resignation of attorneys under these circumstances (22 NYCRR 603.11). He states that (1) his resignation is submitted freely, voluntarily, and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, namely,

that the resignation is the equivalent of a disbarment; (2) there is a pending investigation into his misconduct; and (3) if the Committee brought charges against him predicated upon the alleged misconduct under investigation, he could not successfully defend himself on the merits against such charges (22 NYCRR 603.11 [a] [1]-[3]).

Specifically, respondent acknowledges that, on January 7, 2004, he entered into a plea agreement with the State of California in which he agreed to plead no contest to the charges of attempted unlawful sexual intercourse with a minor; that he was found guilty of the misdemeanor of attempted unlawful sexual intercourse with a minor; and that he was sentenced to two days in the Los Angeles County jail, with credit for time served, two years of probation, 100 hours of community service and $120 restitution to the court. Respondent further acknowledges that he cannot successfully defend himself against charges that he violated Rules of Processional Conduct (22 NYCRR 1200.0) rule 8.4 (b), (d) (an attorney shall not engage in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness, and shall not engage in conduct that is prejudicial to the administration of justice) and (h) (an attorney shall not engage in any other conduct that adversely reflects on his fitness as a lawyer) and Judiciary Law § 90 (4) (c), which states that

> "[w]henever an attorney shall be convicted of a crime in a court of the United States or of any state . . . whether by a plea of guilty or nolo contendere or from a verdict after trial or otherwise, the attorney shall file, within thirty days thereafter, with the appellate division of the supreme court, the record of such conviction.

> "The failure of the attorney to so file shall be deemed professional misconduct."

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Accordingly, as respondent's affidavit of resignation conforms to the requirement of 22 NYCRR 603.11, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 12,

2014 (*Matter of Riley*, 115 AD3d 112 [1st Dept 2014]; *Matter of Gibson*, 114 AD3d 182 [1st Dept 2014]).

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, RICHTER and FEINMAN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 12, 2014.