Matter of Van Doren (2020 NY Slip Op 02122)





Matter of Van Doren


2020 NY Slip Op 02122


Decided on March 26, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Rosalyn H. Richter, Justice Presiding,
Barbara R. Kapnick
Anil C. Singh
Peter H. Moulton
Lizbeth González, Justices.


M-8837

[*1]In the Matter of James F. Van Doren, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, James F. Van Doren, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, James F. Van Doren, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 21, 2003.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent James F. Van Doren was admitted to the practice of law in the State of New York by the First Judicial Department on March 21, 2003. His most recent address listed with the Office of Court Administration is located in Arizona.
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
Respondent has submitted his affidavit in support of his motion to resign which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. He acknowledges that he is the subject of an investigation by the Attorney Grievance Committee involving his criminal conviction of a federal felony. Specifically, on November 3, 2014, respondent pleaded guilty in the United States District Court for the Western District of Arkansas to money laundering in violation of 18 USC § 1957. Respondent aided a codefendant to conceal funds from the codefendant's creditors so that the funds could later be directed back to the codefendant for his personal use.
Respondent was sentenced to 15 months in prison, supervised release for a term of two years, a $10,000 fine and $100 assessment. On September 3, 2015, the United States Court of Appeals for the Eighth Circuit affirmed respondent's conviction.
Respondent attests that he cannot successfully defend himself against the allegations of professional misconduct "since there is no factual dispute that I was convicted of the federal crime of money laundering" and he confirms his awareness of the consequences of submitting his resignation, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
In addition, respondent attests that this proceeding does not include charges that he willfully misappropriated money or property in the practice of law, and he acknowledges that his resignation is submitted subject to any future application by a Committee to any Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order. Respondent adds that he has not practiced law since 2005 in any jurisdiction, and his conviction was unrelated to the brief period of time during which he practiced.
Furthermore, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent understands further that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Attorney Grievance Committee does not oppose respondent's application to resign and notes that this Court has previously accepted resignations of attorneys who have been convicted of crimes (see e.g. Matter of Taylor, 75 AD3d 150 [1st Dept 2010]; Matter of Palazzolo, 38 AD3d 66 [1st Dept 2007]). The Committee attaches an affidavit in support of his application to resign sworn to by respondent on November 4, 2019, that he previously submitted to the Committee. In paragraph 10, respondent attested that his resignation was freely and voluntarily rendered, without coercion or duress by anyone, as required by 22 NYCRR 1240.10 Appendix A. While this assertion was omitted from his current affidavit, the Committee advises that respondent has consented to the Committee offering his November 4, 2019 affidavit (containing the required averment) to supplement his current affidavit.
As respondent's affidavit of resignation conforms with 22 NYCRR 1240.10, the motion [*2]is granted to the extent of accepting respondent's resignation from the practice of law and his name is stricken from the roll of attorneys, nunc pro tunc to December 12, 2019 (date of current affidavit).
All concur.
Order filed. [March 26, 2020]
Respondent's motion, pursuant to 22 NYCRR 1240.10, is granted to the extent of accepting his resignation from the practice of law and his name is stricken from the roll of attorneys in the State of New York, nunc pro tunc to December 12, 2019.