Matter of Pilon (2020 NY Slip Op 02898)





Matter of Pilon


2020 NY Slip Op 02898


Decided on May 14, 2020


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische,Justice Presiding,
Barbara R. Kapnick
Angela M. Mazzarelli
Troy K. Webber
Peter H. Moulton, Justices.


M-1

[*1]In the Matter of Mark T. Pilon, (admitted as Mark Tanguay Pilon), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark T. Pilon, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark T. Pilon, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 10, 2007.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Mark T. Pilon was admitted to the practice of law in the State of New York by the First Judicial Department on December 10, 2007, under the name Mark Tanguay Pilon. [*2]His most recent address listed with the Office of Court Administration is located in Oregon.
Respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
Respondent has submitted his affidavit dated December 15, 2019, in support of his motion to resign which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent states that he has also been admitted to practice law in New Jersey, Pennsylvania and Oregon. He acknowledges that he is the subject of an investigation by the Attorney Grievance Committee involving a criminal conviction. Respondent attaches an amended judgment from the Circuit Court of the State of Oregon for the County of Clackamas, dated September 9, 2019, stating that he was convicted of unlawful use of a weapon, a class C felony, and four misdemeanors, to wit, assault in the fourth degree, menacing (2 counts) and criminal mischief in the second degree. Although respondent does not explain the underlying circumstances surrounding his conviction, the amended judgment indicates that they involved a domestic violence incident.
Respondent was sentenced to 120 days in jail, supervised probation for a period of 36 months with special conditions, $3,000 in restitution and $560 in fees.
Respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct as described herein (22 NYCRR 1240.10[a][2]). Respondent also acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that this Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law (22 NYCRR 1240.10[a][1]).
In addition, respondent attests that this proceeding does not include charges that he willfully misappropriated money or property in the practice of law, and he acknowledges that his resignation is submitted subject to any future application by a Committee to any Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order (22 NYCRR 1240.10 Appendix A). Furthermore, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent understands further that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Attorney Grievance Committee does not oppose respondent's application to resign and notes that this Court has previously accepted resignations of attorneys who have pleaded guilty to federal felonies, even though respondent was convicted of state crimes (see e.g. Matter of Taylor, 75 AD3d 150 [1st Dept 2010]; Matter of Palazzolo, 38 AD3d 66 [1st Dept 2007]).
In light of respondent's compliant affidavit and the Committee's support, we accept respondent's resignation.
Accordingly, the motion should be granted, and respondent's name stricken from the roll of attorneys, effective nunc pro tunc to December 15, 2019 (see Matter of Newkirk, 159 AD3d 184 [1st Dept 2018]; Matter of Malatesta, 124 AD3d 185 [1st Dept 2014]).
All concur.
Order filed. [May 14, 2020]
The motion is granted to the extent that respondent's resignation is accepted and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 15, 2019.