Matter of Berman (2021 NY Slip Op 06091)





Matter of Berman


2021 NY Slip Op 06091


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Barbara R. Kapnick
Jeffrey K. Oing
Tanya R. Kennedy
John R. Higgitt, JJ.


Motion No. 2021-03204 Case No. 2021-03454 

[*1]In the Matter of Adam A. Berman, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Adam A. Berman, (OCA Atty. Reg. No. 2492692), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 22, 1992.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Daniel D. Baek, Esq., of counsel), for petitioner.
Brian J. Griffin, Esq., Foley Griffin LLP, for respondent.



Per Curiam 


Respondent Adam A. Berman was admitted to the practice of law in the State of New York by the First Judicial Department on June 22, 1992. At all times relevant to this proceeding, he maintained a law office within the First Department.
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
In support of the application, respondent has submitted his affidavit of resignation, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent attests that he has not been admitted to practice in any other courts or jurisdictions.
Respondent acknowledges that he is currently the subject of an investigation by the Attorney Grievance Committee (AGC) involving allegations that include at least the following acts of professional misconduct: misappropriating for his personal use of at least $160,344.35 of $2,234,438.63 mistakenly deposited into his escrow account on October 9, 2018 by Duke Energy and failing to return the full deposited amount until January 22, 2021; depositing personal funds into his escrow account at least between September 2018 and January 2021 to evade personal financial liabilities; and initially failing to fully cooperate with the AGC's investigation. Respondent attests that he cannot successfully defend against the allegations under investigation based upon the facts and circumstances of his professional conduct as described herein.
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Respondent's affidavit does not include consent to entry of a restitution order, pursuant to Judiciary Law § 90(6-a), in favor of any named parties, but, as noted, he attests that he has fully repaid the funds at issue. Also, respondent served the motion on the Lawyers' Fund for Client Protection, which by letter advises "that there have been no claims filed against [respondent] seeking reimbursement from [the] Fund and no awards involving him" and therefore it "has no reason to object to the relief sought, and [it] defer[s] wholly to the discretion of the Court in the disposition of this petition."
Nevertheless, respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to [*2]make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them; and he understands that in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The AGC states that, as respondent has acknowledged the allegations at issue and that he cannot successfully defend against them, it does not oppose the motion.
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts his resignation (see e.g. Matter of Mintz, 179 AD3d 1, 4 [1st Dept 2019]; Matter of Kiss, 163 AD3d 35 [1st Dept 2018]; Matter of Dubal, 151 AD3d 34, 35 [1st Dept 2017]).
Accordingly, the motion is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 20, 2021 (date of affidavit).
All concur.
IT IS ORDERED that the application of the respondent, Adam A. Berman, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Adam A. Berman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to September 20, 2021, and
IT IS FURTHER ORDERED that the respondent, Adam A. Berman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Adam A. Berman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Adam A. Berman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 9, 2021