Matter of Baumgarten (2022 NY Slip Op 03686)

Matter of Baumgarten

2022 NY Slip Op 03686

Decided on June 07, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Cynthia S. Kern
Angela M. Mazzarelli
Jeffrey K. Oing
Anil C. Singh, JJ.

Motion No. 2022-01364 Case No. 2005-00030 

[*1]In the Matter of Sidney Baumgarten, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Sidney Baumgarten (OCA Reg. No. 1271840), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 30, 1961.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, Esq., of counsel), for petitioner.
Donald Lee Singer, Jr., Esq., for respondent.

Per Curiam 

Respondent Sidney Baumgarten was admitted to the practice of law in the State of New York by the Second Judicial Department on March 30, 1961. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York.
In support of the application, respondent has submitted his affidavit of resignation, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent attests that he has also been admitted to practice in the Northern, Southern, Eastern, and Western Districts of New York.
Respondent acknowledges that he is currently the subject of an investigation conducted by the Attorney Grievance Committee (AGC) involving allegations of professional misconduct on his part that include the misapplication of escrow funds in two separate matters; in one matter the amount was $4,618.39 and in the other matter it was $22,000. Respondent attests further that he cannot successfully defend against the allegations based upon the facts and circumstances of his professional conduct as described herein.
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Respondent's affidavit does not include his consent to entry of a restitution order pursuant to Judiciary Law § 90(6-a). Nevertheless, he attests that he has fully repaid the funds at issue. In addition, he acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
As he is currently under interim suspension, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not, and cannot, undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access. He states that he is not in possession of any client funds or funds escrowed for others and that all his escrow/client fund accounts are inactive or closed.
Respondent understands further that, in the event the Court accepts his resignation, the order resulting from his application and the records and [*2]documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The AGC states that it does not oppose respondent's application because it is compliant with 22 NYCRR 1240.10 and includes the requisite admissions. Further, it concurs that no restitution order is required.
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts his resignation (see e.g. Matter of Berman, 200 AD3d 104, 105 [1st Dept 2021]; Matter of Mintz, 179 AD3d 1, 4 [1st Dept 2019]; Matter of Dubal, 151 AD3d 34, 35 [1st Dept 2017]).
Accordingly, the motion is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 22, 2022 (date of affidavit).
All concur. It is Ordered that the application of the respondent, Sidney Baumgarten, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and, It is further Ordered that pursuant to Judiciary Law § 90, the respondent, Sidney Baumgarten, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to March 22, 2022, and
It is further Ordered that the respondent shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
It is further Ordered that pursuant to Judiciary Law § 90, effective immediately and until further order of this Court, the respondent shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: June 7, 2022