Matter of Fisher (2022 NY Slip Op 05279)

Matter of Fisher

2022 NY Slip Op 05279

Decided on September 27, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Barbara R. Kapnick
Cynthia S. Kern
Angela M. Mazzarelli, JJ.

Motion No. 2022-02563 Case No. 2005-00137 

[*1]In the Matter of Jonathan Bruce Fisher, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jonathan Bruce Fisher, (OCA Atty. Reg. No. 2401503) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 24, 1991.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York
(Peter Hertzog, Esq., of counsel), for petitioner.
Emery Celli Brinckerhoff Abady Ward & Maazel, LLP by Hal R. Lieberman, Esq., for respondent.

Per Curiam 

Respondent Jonathan Bruce Fisher was admitted to the practice of law in the State of New York by the Second Judicial Department on April 24, 1991. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
In 2007, this Court publicly censured respondent for escrow related misconduct that included nonvenal misappropriation of client funds (43 AD3d 173 [1st Dept 2007]).
In June 2022, respondent moved for an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law in the State of New York. Thereafter, respondent requested that his resignation be withdrawn, and, by July 6, 2022 unpublished order, we deemed the motion withdrawn.
Now, respondent again asks this Court to accept his disciplinary resignation. The Attorney Grievance Committee (AGC) does not oppose. In support of his application, respondent has submitted his affidavit, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent acknowledges that he is currently the subject of an investigation conducted by the AGC involving allegations of professional misconduct on his part. He acknowledges that the allegations include at least the following acts of professional misconduct: he willfully misappropriated escrow funds in the sum of $600,000 in a client matter involving a real estate transaction, he returned all of the escrowed funds to the client prior to the commencement of the investigation, he cannot successfully defend against the allegations based upon the facts and circumstances of his professional conduct as described herein, and he sincerely regrets his actions. Respondent acknowledges further that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As respondent attests that he has made full restitution to the affected client, he does not include his consent to entry of a restitution order pursuant to Judiciary Law § 90(6-a). Nevertheless, he acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity [*2]in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands further that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The AGC does not oppose respondent's application because it is compliant with 22 NYCRR 1240.10 and includes the requisite admissions. Also, the AGC cites respondent's representation that he made full restitution prior to the commencement of the AGC's investigation, and the fact this Court has consistently held that intentional misappropriation of client funds warrants disbarment absent extremely unusual mitigating circumstances, and in accordance with the Court's precedent, disbarment is warranted based on respondent's admissions here (see e.g. Matter of Desir, 163 AD3d 52 [1st Dept 2018]; Matter of Ballner, 140 AD3d 115 [1st Dept 2016]).
As respondent's affidavit conforms with 22 NYCRR 1240.10, this Court accepts his resignation (see e.g. Matter of Baumgarten, 206 AD3d 145 [1st Dept 2022]; Matter of Berman, 200 AD3d 104 [1st Dept 2021]; Matter of Dubal, 151 AD3d 34 [1st Dept 2017]).
Accordingly, the motion should be granted, respondent's resignation is accepted, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 24, 2022 (date of affidavit).
All concur.
IT IS ORDERED that the application of respondent, Jonathan Bruce Fisher, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 24, 2022; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Jonathan Bruce Fisher, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent, Jonathan Bruce Fisher, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent, Jonathan Bruce Fisher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: September 27, 2022