Matter of Wise (2023 NY Slip Op 04639)

Matter of Wise

2023 NY Slip Op 04639

Decided on September 14, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Cynthia S. Kern Jeffrey K. Oing David Friedman Peter H. Moulton

Motion No. 2023-02402 Case No. 2023-02703 

[*1]In the Matter of Robert G. Wise, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert G. Wise, (OCA Atty. Reg. No. 1535392), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert G. Wise, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 1, 1968.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, Esq., of counsel), for petitioner.
Jillian Berman, Esq., for respondent.

PER CURIAM 

Respondent Robert G. Wise was admitted to the practice of law in New York State by the First Judicial Department on April 1, 1968. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
On April 25, 2023, respondent pleaded guilty in the Southern District of New York to one count of conspiracy to commit international money laundering in violation of 18 USC § 371. Sentencing is scheduled for November 6, 2023.
Respondent's conviction stemmed from his conspiring with others, between 2018 and 2022, to engage in an international money laundering scheme to assist a Russian businessman (the businessman) in evading sanctions imposed on the businessman by the U.S. Department of Treasury's Office of Foreign Asset Control (OFAC). Specifically, respondent and others, knowing that the businessman had been sanctioned, used the proceeds from international wire transfers to make payments of approximately $3.8 million to maintain properties beneficially owned and controlled by the businessman through shell companies, without disclosure to or approval from OFAC. In furtherance of the scheme, in or about June 2019, respondent received approximately $150,000 into his interest on lawyer's trust account (IOLTA) account, which he used to make payments to maintain the businessman's properties.
As part of his plea agreement, respondent agreed to forfeit the $3.8 million representing proceeds traceable to his crime, and prosecutors agreed to accept a lesser amount of $210,000 (representing the legal fees respondent received) in full satisfaction of the forfeited amount, if paid by respondent prior to December 31, 2023.
Now, by motion dated May 25, 2023, respondent, who is 82 years old, seeks an order, pursuant to Rules for Attorney Discipline (22 NYCRR § 1240.10), accepting his resignation as an attorney and counselor-at-law in the State of New York. The Attorney Grievance Committee (AGC) does not oppose. In support of his application, respondent has submitted his affidavit, sworn to on May 20, 2023, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent concedes that the offense of which he was convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); he does "not wish to contest the ability of the [AGC] to seek and obtain [his] removal from the roll of attorneys and counselors-at-law [*2]based upon [his] guilty plea"; and he "cannot successfully defend against the charge based upon the facts and circumstances of [his] professional conduct as described herein."
Respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Further, respondent attests that this "proceeding does not include allegations that [he] willfully misappropriated or misapplied money or property in the practice of law within the meaning of 22 NYCRR § 1240.10(b)," and thus "there are no victims to whom restitution is due." Nevertheless, he acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he makes restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands further that, in the event the Court accepts his resignation, the order resulting from this application, and the records and documents filed in relation to the allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
By affirmation dated June 15, 2023, the AGC states that it does not oppose respondent's application because it is compliant with 22 NYCRR 1240.10 and includes the requisite admissions. The AGC cites caselaw in which this Court has accepted the disciplinary resignations of attorneys convicted of felonies (see Matter of Pilon, 184 AD3d 49 [1st Dept 2020]; Matter of Taylor, 75 AD3d 150 [1st Dept 2010]; Matter of Palazzolo, 38 AD3d 66 [1st Dept 2007]; Matter of Bolan, 28 AD3d 172 [1st Dept 2006]).
This Court has previously accepted a disciplinary resignation based on a conviction for the offense at issue. In Matter of Bristol (94 AD3d 85 [1st Dept 2012]), the attorney was also convicted of conspiracy to commit money laundering. The AGC initially moved to have him deemed automatically disbarred pursuant to Judiciary Law § 90(4)(a), (b), and (e), arguing that his federal conviction was analogous to the New York felony of scheme to defraud in the first degree. Alternatively, the AGC sought a finding that the offense was a "serious crime" under Judiciary Law § 90(4)(d). In response, [*3]Bristol tendered his resignation, and the AGC requested that it be accepted if the Court determined that his offense was a "serious crime."
The Court determined Bristol's offense to be a "serious crime," which would ordinarily require a sanction hearing upon issuance of a final judgment of conviction after sentencing (94 AD3d at 88; see Judiciary Law § 90[4][g]). However, the Court accepted Bristol's resignation, opining that "[u]nder such circumstances, in lieu of undertaking the protracted and time-consuming additional tasks necessary to determining whether disbarment is appropriate, where respondents have submitted their resignations, this Court has simply accepted the respondents' resignations" (id.).
Respondent concedes that his offense meets Judiciary Law § 90(4)(d)'s definition of a "serious crime," and his affidavit conforms with 22 NYCRR 1240.10. Therefore, this Court accepts his resignation (Matter of Fisher, 210 AD3d 1 [1st Dept 2022]; Matter of Berman, 200 AD3d 104 [1st Dept 2021]; Matter of Dubal, 151 AD3d 34 [1st Dept 2017]).
Accordingly, the motion should be granted, respondent's resignation is accepted, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 20, 2023.
All concur.
It is Ordered that the application of respondent, Robert G. Wise, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 20, 2023; and
It is further Ordered that pursuant to Judiciary Law § 90, the respondent, Robert G. Wise, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Robert G. Wise, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Robert G. Wise, has been issued a secure pass by the Office of Court Administration, he shall return it forthwith to the issuing agency.
Entered: September 14, 2023