Matter of Hayes (2024 NY Slip Op 00458)

Matter of Hayes

2024 NY Slip Op 00458

Decided on February 01, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding
Jeffrey K. Oing Ellen Gesmer Peter H. Moulton LlinÉt M. Rosado
Justices.

Motion No. 2023-04806 Case No. 2022-02115 

[*1]In the Matter of Pamela D. Hayes (Admitted as Pamela Denise Hayes), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Pamela D. Hayes, (OCA Atty. Reg. No. 2072940), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Pamela D. Hayes, was admitted, as Pamela Denise Hayes, to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 16, 1986.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin P. Culley, of counsel), for petitioner.
Deborah A. Scalise, Esq., for respondent.

Per Curiam 

Respondent, Pamela D. Hayes, was admitted, as Pamela Denise Hayes, to the practice of law in the State of New York by the First Judicial Department on June 16, 1986. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
On May 18, 2022, the Attorney Grievance Committee (Committee) moved for an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), immediately suspending respondent from the practice of law until further order of this Court, based on, inter alia, admissions under oath and bank records evidencing her conversion and/or misappropriation of a purchaser's down payment in an aborted real estate transaction.
On August 2, 2022, this Court granted the Committee's motion, and respondent was suspended from the practice of law, effective immediately, and until further order of this Court (Matter of Hayes, 208 AD3d 185 [1st Dept 2022]).
Respondent now seeks an order, pursuant to 22 NYCRR 1240.10, accepting her resignation as an attorney and counselor-at-law licensed to practice law in the State of New York.
In support of the application, respondent has submitted her affidavit of resignation which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10. Respondent attests that she has also been admitted to practice before the United State Supreme Court as well as the United States Eastern, Northern, and Southern Districts of New York.
Respondent acknowledges that she is currently the subject of an investigation conducted by the Committee involving allegations that she committed certain acts of professional misconduct. Respondent acknowledges that the allegations include at least the following acts of professional misconduct: that she misappropriated and converted her client and third-party funds in the amount of $10,000, held in her escrow account; that she made cash withdrawals from her attorney escrow account; and that she failed to maintain required bookkeeping records.
Respondent attests that she cannot successfully defend against the allegations based upon the facts and circumstances of her professional conduct as described herein. Respondent further attests that her resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the [*2]Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
Respondent's affidavit does not include a consent to an entry of a restitution order, pursuant to Judiciary Law § 90(6-a), in favor of any named parties. Nevertheless, she attests that she has fully repaid the funds at issue.
Respondent acknowledges and consents that her resignation is subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing her to make restitution or reimburse the Lawyers' Fund for Client Protection, and she consents to the continuing jurisdiction of the Appellate Division to make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds on behalf of clients or others entitled to receive them.
Respondent attests that she understands that in the event this Court accepts her resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records, pursuant to Judiciary Law § 90(10).
The Committee states that respondent's application is in full compliance with 22 NYCRR § 1240.10 and includes the requisite admissions, and the Committee does not oppose her application.
As respondent's affidavit conforms with 22 NYCRR 1240.10, this Court accepts her resignation (see e.g. Matter of Baumgarten, 206 AD3d 145, 146 [1st Dept 2022]; Matter of Berman, 200 AD3d 104, 105 [1st Dept 2021]; Matter of Mintz, 179 AD3d 1, 4 [1st Dept 2019]; Matter of Dubal, 151 AD3d 34, 35 [1st Dept 2017]).
Respondent seeks that her resignation be given effect, August 2, 2022, the date of her interim suspension, rather than as of October 16, 2023, the date of her affidavit of resignation. Customarily, the effective date of resignation is the date on which the attorney's affidavit was sworn, and this Court declines to grant respondent's application (see Matter of Kiss, 163 AD3d 35, 37 [1st Dept 2018]).
Accordingly, the motion should be granted to the extent that respondent is disbarred, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 16, 2023, the date of respondent's affidavit of resignation.
All concur.
It is Ordered that the application of the respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, to resign as an attorney and counselor-at-law in the State of New York, pursuant to 22 NYCRR 1240.10, is granted, and
It is further Ordered that, pursuant to Judiciary Law § [*3]90, the respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to October 16, 2023, and
It is further Ordered that the respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that, pursuant to Judiciary Law § 90, the respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that if the respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: February 1, 2024