Matter of Elling (2025 NY Slip Op 01892)

Matter of Elling

2025 NY Slip Op 01892

Decided on April 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy Justice Presiding
Barbara R. Kapnick Saliann Scarpulla Manuel Mendez Marsha D. Michael
Justices.

Motion No. 2025-00620|Case No. 2025-00673|

[*1]In the Matter of Martin Eric Elling an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Martin Eric Elling (OCA Atty Reg. 2566040), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Martin Eric Elling, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 2, 1993.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Marjorie J. Peerce, for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Martin Eric Elling, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 2, 1993.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner
Marjorie J. Peerce, for respondent.
Motion No. 2025-00620 — February 24, 2025
In the Matter of Martin Eric Elling, an attorney
Per Curiam
Respondent Martin Eric Elling was admitted to the practice of law in the State of New York by the Third Judicial Department on September 2, 1993. At all times relevant to this proceeding, respondent owned a cooperative apartment in the First Judicial Department.
On January 10, 2024, respondent pleaded guilty, in the United States District Court for the Western District of Virginia to one felony count of Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy, in violation of 18 USC § 1519. During his plea hearing, respondent admitted that he deleted documents with the intent to impede state and federal investigations. Respondent is scheduled to be sentenced on April 4, 2025.
By motion dated January 30, 2025, respondent seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law in the State of New York on the ground that the offense of which he was convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d). In support of his application, respondent submitted an affidavit, sworn to January 21, 2025, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10, and states that he does "not wish to contest the ability of the [AGC] to seek and obtain [his] removal from the roll of attorneys and counselors-at-law based upon [his] guilty plea"; and he "cannot successfully defend against the charge based upon the facts and circumstances of [his] professional conduct."
Further, respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences. Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands further that, in the event the Court accepts his resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90[*2](10).
The Attorney Grievance Committee (AGC) does not oppose. It states that respondent's application is compliant with 22 NYCRR 1240.10 and includes the requisite admissions. In addition, the AGC cites caselaw in which this Court has accepted the disciplinary resignations of attorneys who have been convicted of felonies (see Matter of Wise, 220 AD3d 45 [1st Dept 2023]; Matter of Pilon, 184 AD3d 49 [1st Dept 2020]).
In light of the foregoing, we accept respondent's resignation (see e.g. Matter of Fisher, 210 AD3d 1 [1st Dept 2022]; Matter of Berman, 200 AD3d 104 [1st Dept 2021]; Matter of Dubal, 151 AD3d 34 [1st Dept 2017]). Here, respondent concedes that his offense meets Judiciary Law § 90(4)(d)'s definition of a "serious crime" and his affidavit conforms with 22 NYCRR 1240.10. Moreover, this Court has previously accepted a disciplinary resignation based on a federal felony conviction prior to sentencing (see e.g. Matter of Bristol, 94 AD3d 85, 88 [1st Dept 2012] [accepting resignation of attorney convicted of conspiracy to commit money laundering and opining that "[u]nder such circumstances, in lieu of undertaking the protracted and time-consuming additional tasks necessary to determining whether disbarment is appropriate, where respondents have submitted their resignations, this Court has simply accepted the respondents' resignations"]).
Accordingly, respondent's motion is granted, his resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 21, 2025 (date of affidavit).
All concur.
Wherefore, it is Ordered that the motion of respondent, Martin Eric Elling, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred from the practice of law in the State of New York, effective nunc pro tunc to January 21, 2025; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Martin Eric Elling, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Martin Eric Elling, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Martin Eric Elling, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: April 1, 2025